# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

INMATE #: CDC AR9231

Curtis Edward Byrd,

PLAINTIFF(S)

v.

Criminal Court of San Bernardino, et al.,

DEFENDANT(S)

CASE NUMBER

5:25-cv-01781-JAK-AGR JS-6

## ORDER ON REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES (PRISONER NON-HABEAS CASE)

The Court has reviewed the Request to Proceed Without Prepayment of Filing Fees (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that Plaintiff:

☒ is not able to prepay the full filing fee. ☐ is able to prepay the full filing fee.

☐ has not submitted enough information for the Court to tell if Plaintiff is able to prepay the full filing fee. This is what is missing:
- ☐ a certified copy of a trust fund statement for the last six months.
- ☐

**IT IS THEREFORE ORDERED** that:

☐ The Request is **GRANTED**. **Plaintiff now owes the Court the total filing fee of $350.00.** An initial partial filing fee of $__________ is due immediately; this case may be dismissed if that amount is not received by the Court within 30 days. Thereafter, monthly payments must be forwarded to the Court as provided in 28 U.S.C. § 1915(b)(2).

☐ Ruling on the Request is **POSTPONED** for 30 days so that Plaintiff has the opportunity to provide:
- ☐ the missing information identified above.
- ☐ authorization to disburse funds from the prison trust account.

If Plaintiff does not provide the information or authorization within 30 days, this case may be DISMISSED without prejudice.

☒ The Request is **DENIED** because:
- ☐ Plaintiff has the ability to prepay the full filing fee.
- ☒ As explained in the attached statement:
  - ☐ Plaintiff has three prior "strikes" but has not plausibly alleged that Plaintiff is in imminent danger of serious physical injury fairly traceable to unlawful conduct alleged in the complaint and redressable by the Court.
  - ☐ The District Court lacks subject matter jurisdiction.
  - ☐ The action is frivolous or malicious.
  - ☒ The action fails to state a claim upon which relief may be granted.
  - ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, Plaintiff must do the following:

If Plaintiff does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

July 24, 2025

Date

United States District Judge

On July 14, 2025, Plaintiff, a prisoner, filed a Civil Rights Complaint and a Request to Proceed In Forma Pauperis. (Dkt. Nos. 1-2.) Plaintiff brings this action against the San Bernardino County Superior Court and the Offices of the District Attorney and Public Defender. (Dkt. No. 1 at 1.) Plaintiff alleges that his civil rights were violated when he was supposed to be resentenced. (Id. at 5.) Plaintiff allegedly was denied his right to be present at the resentencing proceedings, on September 20, 2022, and on May 30, 2025. (Id.) Moreover, Plaintiff has heard nothing from Defendants regarding these proceedings. (Id.) Plaintiff argues that, depending on the results of the resentencing proceedings, it is possible that he should no longer be in prison. (Id.) Plaintiff seeks immediate release from prison and damages. (Id. at 6.)

Because Plaintiff seeks to proceed in forma pauperis, the Court has reviewed the Complaint to determine whether the action is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). As stated below, the Complaint fails to state a claim upon which relief may be granted.

Plaintiff's challenges to the resentencing proceedings fail to state a claim. Such claims are not properly brought under 42 U.S.C. § 1983. "[A] [Section] 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). Instead, habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement. Id. at 484. Because Plaintiff's claims go to the legality or duration of his confinement rather than to the conditions of his confinement, the Complaint fails to state a claim.

Plaintiff fails to state a claim for the additional reason that, to the extent he seeks damages, he may not do so in a civil rights action unless he first succeeds in having the conviction or sentence invalidated. See Heck v. Humphrey, 512 U.S. 477, 487 (1994). Plaintiff must show, for example, that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id. It is clear that Plaintiff has not had his conviction or sentence invalidated but, instead, he currently remains incarcerated. (Dkt. No. 1 at 1.) Because the Heck bar is obvious from the face of the Complaint, it is subject to sua sponte dismissal. See Hebrard v. Nofziger, 90 F.4th 1000, 1007 (9th Cir. 2024).

Given these grounds for dismissal, leave to amend is not warranted. See Beets v. County of Los Angeles, 669 F.3d 1038, 1041-42 (9th Cir. 2012) ("If their claims are barred by Heck, filing an amended complaint would be a futile act."); see also Leonetti v. Jensen, 2009 WL 77098, at *2 (D. Nev. Jan. 9, 2009) (amendment is futile where prisoner brought civil rights action improperly challenging the legality or duration of his custody).

Finally, the Court declines to convert this action into a habeas action. Conversion is improper where, as here, the intent to bring a habeas petition is not clear. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, the Court will only "state that the prisoner's claims must be addressed in a habeas petition, and dismiss the 1983 claims without prejudice." Id.

*(attach additional pages if necessary)*