UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-01781 JAK (AGR) Date: August 13, 2025

Title Curtis Edward Byrd v. Criminal Court of San Bernardino, et al.

Present: The Honorable: **John A. Kronstadt, United States District Judge**

| Daniel Torrez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers): Order Denying Post-Dismissal Motion [5]**

On July 14, 2025, Plaintiff, a prisoner, filed a Civil Rights Complaint and a Request to Proceed In Forma Pauperis ("IFP request"). (Dkt. Nos. 1-2.) Plaintiff brought the action against the San Bernardino County Superior Court and the Offices of the District Attorney and Public Defender. (Dkt. No. 1 at 1.) Plaintiff alleged that his civil rights were violated in relation to his resentencing proceedings. (*Id*. at 5.) Plaintiff sought immediate release from prison and damages. (*Id*. at 6.)

On July 24, 2025, the Court denied the IFP request, dismissed the Complaint without leave to amend, and dismissed the action without prejudice. (Dkt. No. 4.) The Court found that Plaintiff's claims were not properly brought in a civil rights action because they failed to challenge conditions of confinement. (*Id*.) The Court also found that Plaintiff's request for damages was barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). (*Id*.)

Now pending is Plaintiff's post-dismissal "Motion Offering a Cause and Effect," filed on August 4, 2025. (Dkt. No. 5.) Plaintiff again argues that his constitutional rights were violated in relation to his resentencing proceedings. (*Id*. at 1.) He argues that he is subject to false imprisonment. (*Id*. at 2.) He seeks freedom from his sentence. (*Id*. at 5.)

Plaintiff's motion is construed as a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) and as a motion for reconsideration under Federal Rule of Civil Procedure 60(b). Relief under Rule 59(e) should not be granted "unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (emphasis in original). "Rule 60(b) provides for reconsideration only upon a showing of (1)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-01781 JAK (AGR) Date: August 13, 2025

Title Curtis Edward Byrd v. Criminal Court of San Bernardino, et al.

mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *School District No. 1J, Multnomah County, Or. v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993) (quotation marks omitted).

Plaintiff has not shown that relief is warranted. It remains the case that Plaintiff's claims challenge only the legality of his custody and, therefore, are not properly brought in a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] [Section] 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."). Moreover, Plaintiff's allegation of false imprisonment is barred by *Heck*. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (*Heck* barred claims of false imprisonment). Thus, Plaintiff has shown no basis for reconsideration of the Court's dismissal of this action.

In sum, Plaintiff's motion is **denied.** (Dkt. No. 5.)

:

**Initials of Preparer** DT